UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America     :
                             :
   v.                        :     File No. 1:96-CR-104
                             :
Alan Simmons                 :


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 26)

   Defendant Alan Simmons has filed a motion to vacate,

set aside, or correct his sentence pursuant to 28 U.S.C.

§ 2255.  (Paper 26).  In his motion, Simmons claims that

his sentence violated the Supreme Court's holding in

United States v. Booker, 125 S. Ct. 738 (2005).  He also

claims that his attorney "failed to allege violations of

[sic] Fifth and Sixth Amendments," that his indictment

was "flawed and deficient," and that his plea was entered

"under misadvice of court and counsel that [sic]

guidelines were mandatory."  These latter claims appear

to be based, at least in part, upon the Booker decision.

   The government has moved to dismiss, arguing that

the motion is time-barred, and that because Simmons' plea

and sentencing pre-dated Booker, Booker does not provide

grounds for relief.  For the reasons set forth below, I

recommend that the motion be DENIED.

Factual Background

On December 19, 1996, a grand jury returned a two-count indictment charging Simmons, a Canadian citizen, with (1) transporting a minor in foreign commerce for the purpose of engaging in illegal sexual activity in violation of 18 U.S.C. § 2423, and (2) sexual exploitation of a child in violation of 18 U.S.C. § 2251(a).  Simmons was subsequently extradited from Canada to the United States, and on September 24, 2001, pleaded guilty to both counts of the indictment.

At sentencing, the Court enhanced Simmons' base offense level by two because the minor in question was between the ages of 12 and 16.  The Court enhanced by two additional levels because the minor was in Simmons' custody, care or control at the time of the offense.  The Court further enhanced Simmons' base offense level by four after finding that he had incapacitated the minor by administering a drug.  Defense counsel initially objected to this third enhancement, arguing that there was insufficient proof of such conduct.  After the government filed its response to the objection, the objection was withdrawn.

Ultimately, the Court awarded Simmons a 3-level credit for acceptance of responsibility, but sentenced him according to a heightened criminal history category due to what the government describes as a "long history of foreign convictions." (Paper 29 at 3). The corresponding guideline range was 168-210 months, and the Court issued a sentence of 168 months to be followed by three years of supervised release.

The sentence was issued on March 5, 2002. Simmons filed a direct appeal, challenging the Court's upward criminal history departure and the imposition of a special condition of supervised release. On September 3, 2003, the Second Circuit affirmed Simmons' sentence. United States v. Simmons, 343 F.3d 72 (2d Cir. 2003). Simmons did not appeal the Second Circuit's decision. He filed his instant motion on May 10, 2005.

Simmons now claims that the enhancements to his sentence were invalid under Booker. Simmons also claims ineffective assistance of counsel, arguing that he was never informed that his sentence might be increased "for relevant conduct or proponderance [sic] of evidence." (Paper 32 at 1-2). He further claims, without

discussion, that his indictment was deficient and that his plea, which was allegedly based upon an understanding that the Sentencing Guidelines were mandatory, was not knowing and voluntary.

Discussion

I.   Applicability of *Booker*

 The Booker decision held that the Federal Sentencing Guidelines "violated the Sixth Amendment to the extent that they allowed the maximum sentence authorized by a guilty plea or a verdict to be increased based on findings of fact (other than the fact of a prior conviction) made by the judge." Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005) (citing Booker, 125 S. Ct. at 755-56).  The Second Circuit has held that Booker does not apply retroactively to cases on collateral review.  Id. at 144.  Specifically, the Second Circuit determined that although Booker established a new rule of constitutional law, the rule was procedural rather than substantive.  Id. at 141-42.  The circuit court further held that the rule announced in Booker did not establish a "watershed rule 'implicating the fundamental fairness and accuracy of the criminal proceedings,'" and thus

could not be applied retroactively.  Id. at 142-43

(quoting Schriro v. Summerlin, 124 S. Ct. 2519, 2523

(2004)).  Consequently, the law in this circuit is that

Booker is not retroactive, "i.e., it does not apply to

cases on collateral review where the defendant's

conviction was final as of January 12, 2005, the date

that Booker was issued."  Id. at 144.

In this case, Simmons was sentenced on March 5,

2002.  The Court of Appeals affirmed his sentence on

September 3, 2003.  Simmons did not appeal further.  His

conviction therefore became final 90 days later, on

December 2, 2003, when his period for filing a petition

for *certiorari* expired.  See Clay v. United States, 537

U.S. 522, 527 (2003).  Accordingly, under the law of this

circuit, Booker does not provide Simmons with grounds for

collateral relief.

II.   Ineffective Assistance of Counsel Claim

Simmons' next contention is that his attorney failed

to allege violations of the Fifth and Sixth Amendments.

In response to the government's opposition, Simmons has

clarified this claim: "Defendant's point of ineffective

counsel only pertains to not informing defendant of

increasing his sentence for relevent [sic] conduct or proponderance [sic] of evidence, once his guilty plea was entered."  In other words, Simmons appears to be claiming that at the time of his guilty plea, he was not aware (1) that his sentence could be based upon facts that were not charged in the indictment or admitted in his plea, and (2) that those facts could be found by a preponderance of the evidence.  Simmons also claims, in a separate allegation, that his attorney and the Court failed to advise him that the Federal Sentencing Guidelines were not mandatory.

A.   The Strickland Standard

"[T]he proper standard for attorney performance is that of reasonably effective assistance."  Strickland, 466 U.S. at 687.  The essence of an ineffective assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.  See Kimmelman v. Morrison, 477 U.S. 365, 374 (1986).  Thus, a defendant must establish (1) that counsel made errors so serious that he was deprived of reasonably competent representation and (2)

that counsel's deficient performance prejudiced the

defense.  See Hernandez v. United States, 202 F.3d 486,

488 (2d Cir. 2000) (citing Strickland, 466 U.S. at

687-691).

    B.  Timeliness

    The government argues generally that Simmons' claims

are untimely.  The Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA") created a one-year statute

of limitations in which federal prisoners may file an

application for a writ of habeas corpus.  28 U.S.C. §

2255.  In pertinent part, the statute states:

    A 1-year period of limitation shall apply to a
motion under this section. The limitation period shall
run from the latest of:

    (1) the date on which the judgment of conviction
becomes final;

    (2) the date on which the impediment to making a
motion created by governmental action in violation of the
Constitution or laws of the United States is removed, if
the movant was prevented from making a motion by such
governmental action;

    (3) the date on which the right asserted was
initially recognized by the Supreme Court, if that right
has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review;
or

    (4) the date on which the facts supporting the claim
or claims presented could have been discovered through
the exercise of due diligence.

28 U.S.C. § 2255.  In this case, Simmons' criminal

judgment became final on December 2, 2003.  He filed his

motion under § 2255 on May 10, 2005, well past the one

year deadline.

In "rare and exceptional circumstances," courts may

toll the one-year limitations period based upon equitable

considerations.  Baldayaque v. United States, 338 F.3d

145, 151 (2d Cir. 2003).  In order to merit equitable

tolling, the petitioner would have to show reasonable

diligence during the time he wishes to have tolled, and

that "extraordinary circumstances beyond his control

prevented successful filing during that time."  Id.

Here, Simmons has made no showing of extraordinary

circumstances preventing him from timely filing his §

2255 petition.  In fact, he has failed to respond in any

way to the government's contention that his motion is

untimely.  While the Court notes Simmons' claim that as a

Canadian citizen he is unfamiliar with the laws of this

country, it is well settled that ignorance of the law,

and specifically the AEDPA limitations period, does not

entitle a petitioner to equitable tolling.  See Stone v.

Williams, 970 F.2d 1043, 1049 (2d Cir. 1992) (*pro se*
litigant's ignorance of law is not extraordinary
circumstance warranting equitable tolling); Cuevas v.
People of the State of New York, 2002 WL 206985, at *3
(S.D.N.Y. Feb. 11, 2002) (ignorance of AEDPA limitations
period does not merit equitable tolling) (citations
omitted).

     Furthermore, Simmons cannot argue under either §
2255(3) or § 2255(4) that the limitations period did not
expire one year after his conviction became final.
Section 2255(3) does not apply because, as set forth
above, Booker is not retroactive.  In order to achieve
relief under § 2255(4), Simmons must show that recent
facts made him aware of a meritorious ineffective
assistance claim.  Assuming that Simmons is not basing
his argument upon Booker, he can make no such claim.
Indeed, it would have been readily apparent to him at
sentencing that relevant conduct was being used against
him, and that such conduct was being proven according to
a preponderance standard.  Thus, if these facts provided
grounds for appeal at the time of sentencing, he should
have been immediately aware them.  When these issues were

not raised on appeal, Simmons had one year to bring his

claims in a § 2255 motion after his conviction became

final.  His failure to file within the one-year

limitations period now bars his claims.

      C.  Counsel's Alleged Failure to Anticipate <u>Booker</u>

      Furthermore, if Simmons is claiming that counsel

should have anticipated <u>Booker</u> and alerted him to the

issues raised and decided in that case, the claim is

without merit.  An attorney's performance must be

assessed "on the basis of the facts of the particular

case, 'viewed as of the time of counsel's conduct.'"

<u>Mayo v. Henderson</u>, 13 F.3d 528, 533 (2d Cir. 1994)

(quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 690

(1984)).  "'Counsel is not required to forecast changes

in the governing law.'"  <u>Id.</u> (quoting <u>Horne v. Trickey</u>,

895 F.2d 497, 500 (8th Cir. 1990) ("ineffectiveness not

established by claim that 'counsel should have realized

that the Supreme Court was planning a significant change

in the existing law, and that the failure to anticipate

this change rises to the level of constitutional

ineffectiveness.'")); <u>see</u> <u>also</u> <u>United States v. Harms</u>,

371 F.3d 1208, 1212 (10th Cir. 2004) ("The Sixth Amendment

does not require counsel for a criminal defendant to be clairvoyant.").

A claim that counsel should have alerted his client to issues that became law in <u>Booker</u> fails to meet the <u>Strickland</u> standard.  Because an attorney is not required to anticipate dramatic changes in the law, this Court should not conclude that counsel made "unprofessional errors" that rendered "suspect" either Simmons' conviction or sentence.[1]  Furthermore, Simmons' ineffective assistance claim is untimely.  For these reasons, this claim should be DENIED.

III.  <u>Faulty Indictment Claim</u>

Simmons' next claim is that his indictment was flawed.  While Simmons does not provide any discussion with respect to this allegation, the Court presumes that his claim is again linked to <u>Booker</u>.  Specifically, Simmons appears to be arguing that any facts used at sentencing should have been included in the indictment and either admitted in the guilty plea or found by a

---

[1]  As discussed below, the Second Circuit has held that a failure by courts and counsel to anticipate the <u>Blakely</u> and <u>Booker</u> decisions will also not justify vacating a pre-<u>Booker</u> plea that was entered with the belief that the Federal Sentencing Guidelines were mandatory.  <u>See</u> <u>United States v. Roque</u>, 421 F.3d 118 (2d Cir. 2005).

jury.  The government contends that this argument is

misplaced, that the indictment properly alleged all

statutory elements, and that <u>Booker</u> does not require

"advisory sentencing factors" to be charged in an

indictment.  (Paper 29 at 8).  Even assuming, *arguendo*,

that Simmons' argument is a correct application of the

holding in <u>Booker</u>, the fact remains that <u>Booker</u> is not

retroactive, and cannot be a basis for relief in this

case.

To the extent that Simmons' indictment-related

argument relies on authority other than <u>Booker</u>, his claim

is barred as both untimely and for failure to raise it on

direct appeal.  As set forth above, Simmons failed to

file his § 2255 motion in a timely manner.  With respect

to the failure to appeal, it is well settled that a §

2255 petition is not intended as a substitute for a

direct appeal.  <u>Marone v. United States</u>, 10 F.3d 65, 67

(2d Cir. 1993).  Claims not raised on direct appeal are

precluded from § 2255 review unless the defendant can

demonstrate cause for the procedural default and actual

prejudice resulting therefrom.  <u>Campino v. United States</u>,

968 F.2d 187, 189-90 (2d Cir. 1992); <u>see</u> <u>also</u> <u>Douglas v.</u>

United States, 13 F.3d 43, 46 (2d Cir. 1993).  As to the
question of what constitutes sufficient "cause" to
overcome this bar, "[t]he Supreme Court has stated that
'"cause" . . . must be something external to the
petitioner, something that cannot be fairly attributed to
him.'"  Marone, 10 F.3d at 67 (quoting Coleman v.
Thompson, 501 U.S. 722, 753 (1991)); see also Murray v.
Carrier, 477 U.S. 478, 488 (1986).  A defendant who
cannot show cause and prejudice for failure to appeal may
nonetheless be able to assert a claim under § 2255 if he
can show that a failure to hear the claim would result in
a "fundamental miscarriage of justice" because he is
"actually innocent" of the crime of which he has been
convicted.  Murray, 477 U.S. at 495-96.

     Simmons has made no attempt to show either cause or
prejudice with respect to his failure to raise his faulty
indictment argument on appeal.  Nor does he claim actual
innocence.  In fact, Simmons explains that he is seeking
"only to correct his sentence by removing the
enhancement, not to attack his guilty plea."  (Paper 32
at 2).  Consequently, the Court should not find that
denying relief on the basis of an allegedly faulty

13

indictment constitutes a fundamental miscarriage of

justice, and should DENY this claim.

IV.   Involuntary Plea Claim

Simmons' final claim is that his guilty plea was not

knowing and voluntary.  In support of his claim, Simmons

argues the he was mistakenly advised, by counsel and the

Court, that the Federal Sentencing Guidelines were

mandatory.  Simmons contends that because of this

mistake, his guilty plea and/or sentence should be

vacated.

As noted above, the Second Circuit recently faced

this issue in United States v. Roque, 421 F.3d 118 (2d

Cir. 2005).  There, the defendant sought to withdraw his

guilty plea, entered into prior to the Booker decision,

arguing that he had entered his plea "in the false belief

that the United States Sentencing Guidelines were

mandatory."  Roque, 421 F.3d at 119.  The court explained

that

> [p]rior to [Blakely v. Washington, 542 U.S. 296
> (2004)], neither statute nor precedent gave
> courts, counsel, or defendants reason to doubt
> that the United States Sentencing Guidelines
> were to be applied mandatorily in federal
> courts. . . .  The entire landscape of federal
> sentencing changed on January 12, 2005, with the
> Supreme Court's decision in United States v.

> Booker, 125 S. Ct. 738 (2005) . . . [in which
> the Supreme Court rendered] the Guidelines
> advisory rather than mandatory.

Id. at 120-21.  Despite this dramatic change in "the

landscape of federal sentencing," the Second Circuit

maintained that guilty pleas must be viewed according to

the law at the time of the plea.

> [T]he Supreme Court in Brady v. United States
> pointed out that 'a voluntary plea of guilty
> intelligently made in light of the then
> applicable law does not become vulnerable
> because later judicial decisions indicate that
> the plea rested on a faulty premise.'  397 U.S.
> 742, 757 (1970).  That rule is equally
> applicable in the present circumstance.

Id. at 123 (quoting Brady v. United States, 397 U.S. 742,

757 (1970).  Accordingly, the Roque decision held that

"an otherwise valid plea agreement . . . entered into

before January 12, 2005, is enforceable even if the

parties, at the time they entered into the agreement,

erroneously believed that the United States Sentencing

Guidelines were mandatory rather than advisory."  Id.

The Roque holding applies directly to this case.

Moreover, aside from the Guidelines issue, there is no

evidence that Simmons' plea was either involuntary or

unknowing.  As the Roque court noted, a guilty plea is

deemed involuntary if it is "'the product of actual or

15

threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally."  Id. at 122 (quoting Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir.), cert. denied, 488 U.S. 890 (1988)).  There is no evidence of threats, coercion or incapacity in this case.  Nor is there any suggestion that Simmons was unaware of his constitutional rights as they existed at that time.  See id.

Simmons' sole argument is that he was told at the time of plea that the Guidelines were mandatory, and that Booker rendered that advice inaccurate.  Under the Second Circuit's holding in Roque, this argument cannot succeed. Simmons' claim that his plea was not knowing and voluntary should, therefore, be DENIED.

## Conclusion

For the reasons set forth above, I recommend that Simmons' motion (Paper 26), filed pursuant to 28 U.S.C. § 2255, be DENIED.

Dated at Burlington, in the District of Vermont,

this 28th day of October, 2005.


/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation
within 10 days after service by filing with the clerk of
the court and serving on the magistrate judge and all
parties, written objections which shall specifically
identify the portions of the proposed findings,
recommendations or report to which objection is made and
the basis for such objections.  Failure to file
objections within the specified time waives the right to
appeal the District Court's order.  See Local Rules 72.1,
72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b),
6(a) and 6(e).